**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YEIMI ANAVEI ADRIANO-CERNA, | No. 22-838 |
| Petitioner, | Agency No. A208-302-873 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2023**
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Yeimi Anavei Adriano-Cerna is a native and citizen of Honduras.  She petitions for review of a Bureau of Immigration Appeals ("BIA") decision dismissing an appeal from the order of an Immigration Judge ("IJ") denying her applications for asylum, for asylum, withholding of removal, and protection under

_____

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We have jurisdiction to review the BIA decision under 8 U.S.C. § 1252.

We review findings of fact for substantial evidence and uphold the agency's decision "unless the evidence compels a contrary result."  *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (internal quotation and citation omitted).  Where, as here, the BIA adopts and affirms "the IJ's decision without adding any commentary of its own, we treat the IJ's decision as that of the BIA."  *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009).  We deny the petition for review.

1. An applicant for asylum and withholding of removal must show either that past persecution was "committed by the government or forces the government is either unable or unwilling to control," or that future persecution will be committed by those actors.  *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) (quoting *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000)).  Substantial evidence supports the BIA's holding that Adriano-Cerna did not show sufficient government involvement in the past persecution that she suffered and did not establish a reasonable probability of future persecution with government involvement.

Adriano-Cerna fears returning to Honduras because she reported her father to the police for raping her sisters and her niece, and he made threats against her

because of her actions. However, the police responded within 30 minutes when she reported the crime, her father was prosecuted, and is currently in prison. That does not show inability or unwillingness to fight against the crimes that she claims were persecution of her.

Adriano-Cerna also asserts that she fears returning to Honduras because the father of her children physically and verbally abused her and threatened her life. But she never reported the abuse to the police. The BIA did not err in holding that there was no evidence in the record to indicate that the Honduras government would be "unable or unwilling to" respond to domestic violence against her.

2. The IJ denied Adriano-Cerna's CAT claim because she did not show a likelihood of torture. Adriano-Cerna's petition for review does not challenge that finding and we therefore find no error in the agency determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**